IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYISHA COMBS, et al., | No. C 09-06042 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| v. | |
| HARLEY J. GREENFIELD, RAMI ABADA, | |
| Defendants. | |

Defendants' motion to dismiss the complaint for lack of personal jurisdiction is currently set for hearing on May 14, 2010. The Court finds this matter appropriate for resolution without oral argument and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendants' motion.

**BACKGROUND**

Plaintiff Ayisha Combs filed this action on December 29, 2009 on behalf of a class of persons employed by Jennifer Convertibles, Inc. ("JCI") against defendants Harley Greenfield and Rami Abada, JCI's Chief Executive Officer and Chief Operating Officer, respectively. Plaintiff previously filed a class action complaint against JCI on July 16, 2009, alleging a number of violations of both federal and state wage and hour laws. In this action against defendants Greenfield and Abada, plaintiff alleges claims for violations of the Fair Labor Standards Act ("FLSA") and California's Unfair Competition Law. Plaintiff's claims arise from her employment as a non-exempt sales representative for JCI. Complaint ¶ 7. The gravamen of plaintiff's complaint is that she and other putative class members were often required to staff JCI stores alone for more than eight hours per day without receiving appropriate

overtime compensation. *Id.* ¶¶ 8-11.

Presently before the Court is the motion by defendants Greenfield and Abada to dismiss the complaint for lack of personal jurisdiction.

## LEGAL STANDARD

Personal jurisdiction over a non-resident defendant may exist if the defendant has either a continuous and systematic presence in the state (general jurisdiction), or sufficient minimum contacts with the forum state such that the exercise of jurisdiction will not "offend traditional notions of fair play and justice" (specific jurisdiction). *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For a court to exercise specific jurisdiction, the type asserted by the plaintiff in this case, the nonresident defendant must undertake an act or transaction "by which he purposefully avails himself of the privilege of conducting activities in the forum," the claim must arise out of the non-resident defendant's forum-related activities, and the exercise of jurisdiction over the defendant must be reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1155 (9th Cir. 2006); *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418 (9th Cir. 1997) (citation omitted).

The plaintiff bears the burden of establishing personal jurisdiction. *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1128-29 (9th Cir. 2003). If the court acts on the defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff "need only demonstrate facts that if true would support jurisdiction over the defendant." *Id.* at 1129 (citation omitted). Unless directly contravened, the plaintiff's version of the facts is taken as true, and any conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor. *Id.* (citation omitted).

## DISCUSSION

### I.  Jurisdiction

As stated above, plaintiff bears the burden of showing that defendants are properly subject to this Court's specific jurisdiction because they have sufficient minimum contacts with California, the allegations in the complaint arise out of these contacts, and the exercise of jurisdiction would be

reasonable. Plaintiff has not met her burden of showing personal jurisdiction in the traditional sense. Plaintiff has not alleged, nor could she allege, that defendants Greenfield and Abada have sufficient minimum contacts with California to be subject to suit here. Plaintiff acknowledges that JCI is headquartered in New York. Complaint ¶ 4. Both defendants' offices are in New York. *See* Greenfield Decl. ¶ 4; Abada Decl. ¶ 4. Neither defendant is personally involved in the day-to-day operations of JCI's California showrooms. Greenfield Decl. ¶ 10; Abada Decl. ¶ 10. Greenfield has not visited California for any purpose within the last ten years, and Abada visited California once in 2007 and once in 2009. Greenfield Decl. ¶ 9; Abada Decl. ¶ 9. These facts would not ordinarily support the exercise of personal jurisdiction over these defendants.

Plaintiff's theory of jurisdiction appears to be that because Greenfield and Abada are responsible for overseeing JCI's corporate operations, they qualify as "employers" under the FLSA and may therefore be sued for wage and hour violations in any forum in which a JCI showroom is located on the theory that they have directed their corporate activities to that forum. *See* Complaint ¶¶ 5-6 ("According to documents filed by JCI with the SEC, at all times relevant hereto, the success of JCI depended on the abilities and work of" each defendant). This is a novel and apparently untested theory of derivative personal jurisdiction. Plaintiff cites no case which has articulated the theory she asserts. As Greenfield and Abada have not themselves had sufficient contacts with California to warrant asserting personal jurisdiction over them, they may be sued here only if plaintiff's derivative theory of jurisdiction is ultimately successful.

Under the FLSA, an "employer" is defined as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). In assessing whether an individual qualifies as an "employer" under the FLSA, courts employs an "economic reality" test which requires examining the specific facts of each case. *Goldberg v. Whitaker House Co-op, Inc.*, 366 U.S. 28, 33 (1961); *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1324 (9th Cir. 1991). "To be classified as an employer, it is not required that a party have *exclusive* control of a corporation's day-to-day functions." *Dole v. Elliott Travel & Tours*, 942 F.2d 962, 966 (6th Cir. 1991) (emphasis added). Rather, the operative inquiry is whether a corporate officer defendant has "operational control of *significant aspects* of the corporation's day to day functions." *Donovan v. Agnew*, 712 F.2d 1509,

3

1514 (1st Cir. 1983) (emphasis added).

Applying the economic reality test, the Court does not believe that Greenfield and Abada qualify as "employers" under the FLSA. As stated above, Greenfield and Abada are the CEO and COO of a national corporation with showrooms throughout the country. Defendants have submitted evidence, uncontroverted by any submission from plaintiff, that they play no role in creating, implementing, or supervising the employment practices at JCI showrooms in California. Greenfield Decl. ¶ 10, Abada Decl. ¶ 10 ("I am not directly personally involved in their day-to-day operations or in issues involving the management, wages, or working conditions in the employees who work in California"); Suppl. Greenfield Decl. ¶¶ 4, 5, 7-9, Suppl. Abada Decl. ¶¶ 4, 5, 7-9 (no involvement in hiring, firing, setting rates of pay, supervising or assigning work, evaluating job performance, or managing payroll records).

By contrast, the other cases finding that a corporate officer functioned as an FLSA "employer" involved officers with significant control over at least one major aspect of their companies' employment-related practices. *Reich v. Circle C Invs., Inc.*, 998 F.2d 324, 329 (5th Cir. 1993) (nightclub operator hired dancers, was identified by employees as their supervisor, gave specific instructions to employees, signed payroll checks, controlled record-keeping, and drafted inter-office policy memoranda); *Dole*, 942 F.3d at 966 (sole owner of travel company "controlled the purse strings of the corporation" and determined amount of employee salaries); *Donovan v. Grim Hotel Inc.*, 747 F.2d 966, 972 & n.7 (5th Cir. 1984) (hotel president traveled to locations to personally select managers and had "ultimate control over wages"); *Agnew*, 712 F.2d at 1511 (defendants were "President, Treasurer, Secretary and sole members of the Board of Directors" of manufacturing plant, maintained offices at plant at which plaintiffs were employed, and "were actively engaged in the management, supervision and oversight of . . . employee compensation and benefits"); *Hodgson v. Arnheim & Neely, Inc.*, 444 F.2d 609, 611 (3d Cir. 1971), rev'd on other grounds, *Brennan v. Arnheim & Neely, Inc.*, 410 U.S. 512 (1973) (apartment management company acted as "employer" of maintenance workers employed in buildings owned by a third party where it hired and fired employees, supervised their performance, and assigned them tasks).

Because plaintiff cannot assert as a matter of law that Greenfield and Abada are "employers" in light of the economic reality of JCI's operations, and cannot otherwise assert a basis for personal

4

jurisdiction, defendants' motion to dismiss must be GRANTED without leave to amend.

## II.     Discovery

Plaintiff asks that the Court permit her the opportunity to conduct jurisdictional discovery if the Court is inclined to grant defendants' motion on the basis of the present record. Plaintiff acknowledges, however, that jurisdictional discovery need not be permitted where "a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendant." *Pebble Beach*, 453 F.3d at 1160 (citation omitted); *see also Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) ("At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."). The Court concludes that, given Greenfield and Abada's distance from the employment-related aspects of JCI's operations, plaintiff's allegations are attenuated and do not state a colorable basis for personal jurisdiction. Therefore, plaintiff's request to take jurisdictional discovery is DENIED.

## CONCLUSION

For the foregoing reasons, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss for lack of personal jurisdiction. (Docket No. 10).

**IT IS SO ORDERED.**

Dated: May 11, 2010

SUSAN ILLSTON
United States District Judge